UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NYKIJAH BROWN,

        Plaintiff,

— against —

PROGRESSIVE CASUALTY INSURANCE COMPANY,

        Defendant.

18-CV-03753 (ARR) (SJB)

NOT FOR PRINT OR ELECTRONIC PUBLICATION

**OPINION & ORDER**

ROSS, United States District Judge:

    Nykijah Brown is suing her former employer, Progressive Casualty Insurance Company ("Progressive"), for firing her. On May 30, 2018, she filed a complaint in Queens County Supreme Court alleging three causes of action: 1) employment discrimination in violation of the New York State Human Rights Law ("NYSHRL"), 2) employment discrimination in violation of the New York City Human Rights Law ("NYCHRL"), and 3) retaliation under NYSHRL and NYCHRL for receiving and requesting leave under the Family Medical Leave Act ("FMLA"). Compl. ¶¶ 20-21, 42, 51-52, ECF No. 1-1. Progressive then removed this action to federal court on the grounds that "it is an action arising under the laws of the United States, namely the FMLA." Notice of Removal ¶ 3, ECF No. 1.

    Brown subsequently filed a motion to remand and for attorney's fees associated with litigating this motion, arguing that her complaint raises only state-law claims. Pl.'s Mot. to Remand, ECF No. 12. Progressive opposes this motion. Def.'s Mem. of Law in Opp'n to Pl.'s Mot. to Remand, ECF No. 14. Because Brown's third cause of action contains no valid state law claim but does include a viable federal claim, I deny plaintiff's motion. However, the Court

1

grants Brown leave "(1) to amend the complaint so as to unambiguously be free of any federal claims . . . , and thereafter (2) to move for remand, on the grounds that the Court should not exercise supplemental jurisdiction over this matter." *Maguire v. A.C. & S., Inc.*, 73 F. Supp. 3d 323, 325 (S.D.N.Y. 2014); *see also id.* at 328 ("[T]he determination whether subject matter jurisdiction exists is properly made on the face and at the time of the Complaint. . . . The later elimination of federal claims and defenses, so as to leave standing only state-law claims, may bear on whether the Court chooses to exercise supplemental jurisdiction, but it does not eliminate federal jurisdiction.") (citations omitted).

## DISCUSSION

The removing party "bears the burden of establishing jurisdiction." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006). Defendants may remove state court actions to federal court if the plaintiff could have originally filed suit in federal court, based on either diversity or federal-question jurisdiction. 28 U.S.C. § 1441; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392. "Thus, a plaintiff may avoid federal jurisdiction by pleading only state law claims, even where federal claims are also available, and even if there is a federal defense." *Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 486 (2d Cir. 1998). Further, "[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Purdue Pharma L.P. v. Kentucky,* 704 F.3d 208, 213 (2d Cir. 2013) (alteration in original) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269,

274 (2d Cir. 1994)).

There is an exception, however, to the general rule that the plaintiff is "master of the claim." *Caterpillar Inc.*, 482 U.S. at 392. Under the artful-pleading doctrine, "a plaintiff cannot avoid removal by artful pleading, *i.e.*, by framing in terms of state law a complaint the 'real nature of [which] is federal, regardless of plaintiff's characterization,' or 'by omitting to plead necessary federal questions in a complaint . . . .'" *Derrico v. Sheehan Emergency Hosp.*, 844 F.2d 22, 27-28 (2d Cir. 1988) (citations omitted); *see also Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475–76 (1998).

In Brown's third cause of action, she alleges that Progressive violated NYSHRL and NYCHRL by "retaliat[ing] against [her] after she was awarded her FMLA on February 9, 2018" and "retaliat[ing] against [her] by terminating her on May 14, 2018, when she requested that she be given time off from work based upon her medical and physical condition pursuant to a valid FMLA request." Compl. ¶¶ 51-52. Under NYSHRL and NYCHRL, one cannot retaliate against another for opposing practices forbidden by NYSHRL/NYCHRL, or for pursuing or assisting in legal action under NYSHRL/NYCHRL. *See* N.Y. Exec. Law § 296(7) (McKinney 2017); Admin. Code of the City of N.Y. § 8-107(7) (2018). Retaliation for requesting FMLA leave is not a cognizable claim under New York law. *See Cooper v. N.Y. State Nurses Ass'n*, 847 F. Supp. 2d 437, 450–51 (E.D.N.Y. 2012) (holding that a claim that an employee was terminated in retaliation for taking FMLA leave was not cognizable under NYSHRL and noting that, "[i]n order to assert a viable claim of retaliatory discharge [under NYSHRL], an employee must demonstrate that there was a reasonable basis to believe that his or her employer engaged in an actionable discriminatory practice and that the employer discharged the employee *as a result of the employee's opposition to that practice.*") (emphasis added) (citation omitted); *Vinokur v.*

*Sovereign Bank*, 701 F. Supp. 2d 276, 295 (E.D.N.Y. 2010) ("Under the [New York State Executive Law] and NYCHRL it is unlawful to retaliate against an employee because she 'opposed statutorily-forbidden discriminatory practices.'") (citation omitted). Brown provides no evidence in her complaint that she opposed any discriminatory practice by Progressive, or that she was fired as a result of her opposition. Thus, Brown does not raise a viable retaliation claim under New York law.

The allegations in Brown's complaint do give rise to a legitimate FMLA retaliation claim. *See, e.g., Potenza v. City of New York*, 365 F.3d 165, 167 (2d Cir. 2004) ("Section 2615(a)(1) of the FMLA states that '[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.' The regulations promulgated pursuant to the FMLA explain that '"[i]nterfering with" the exercise of an employee's rights would include, for example, not only refusing to authorize FMLA leave, but discouraging an employee from using such leave,' and that '[a]n employer is prohibited from discriminating against employees or prospective employees who have used FMLA leave.'") (citations omitted). To establish a prima facie case of FMLA retaliation, a plaintiff must show: "1) [s]he exercised rights protected under the FMLA; 2) [s]he was qualified for [her] position; 3) [s]he suffered an adverse employment action; and 4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent." *Id.* at 168.

Because a plaintiff cannot avoid removal by framing a federal question in terms of state law, *see Derrico*, 844 F.2d at 27–28, the underlying federal issue in Brown's third cause of action precludes remand. However, courts have held that it is particularly appropriate to allow a plaintiff to amend her complaint to strike federal claims when she "did not initially realize that [her] complaint would be construed as containing federal subject matter." *Payne v. Parkchester*

*North Condominiums*, 134 F. Supp. 2d 582, 586 (S.D.N.Y. 2001); *see also Robbins v. City of New York*, 254 F. Supp. 3d 434, 437–38 (E.D.N.Y. 2017); *Maguire v. A.C. & S. Inc.*, No. 14 Civ. 7578(PAE), 2015 WL 4934445, at *4–5 (S.D.N.Y. Aug. 18, 2015). Brown's complaint suggests that she did not realize that her third cause of action would be construed as containing an FMLA claim. In fact, Brown's state law retaliation claim appears to be a repetition of her first two causes of action, i.e., an assertion that she was discriminated against because of her disability. Brown is therefore granted leave to amend her complaint to remove the third cause of action. Brown is also granted leave to amend her complaint to clarify whether her first two causes of action are based on the FMLA, or whether they are simply allegations of discrimination based on her disability in violation of New York law. *See, e.g., Bellido-Sullivan v. American Intern. Group, Inc.*, 123 F. Supp. 2d 161, 167 (S.D.N.Y. 2000) (granting plaintiff's motion to remand her NYSHRL violation claim to state court in part because plaintiff "[did] not refer[] to the FMLA in her complaint" and the FMLA "should not be a necessary component of her claim under New York common or statutory law.").

## CONCLUSION

For the reasons discussed above, I deny plaintiff's remand motion. Brown is granted leave to file, within 10 days, an amended complaint that excludes any federal claims. *See* Fed. R. Civ. P. 15(a)(2). The Court will simultaneously entertain a motion to decline to exercise supplemental jurisdiction and to remand the case to the Queens County Supreme Court.

So ordered.

Date:  August 27, 2018 _____/s/_____
      Brooklyn, New York Allyne R. Ross
      United States District Judge

5