UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NYKIJAH BROWN,

    Plaintiff,

— against —

PROGRESSIVE CASUALTY INSURANCE COMPANY,

    Defendant.

18-CV-03753 (ARR) (SJB)

NOT FOR PRINT OR ELECTRONIC PUBLICATION

**OPINION & ORDER**

ROSS, United States District Judge:

    On May 30, 2018, Nykijah Brown filed a complaint in Queens County Supreme Court against her former employer, Progressive Casualty Insurance Company ("Progressive"), for firing her based on her disability. Compl., ECF No. 1-1. Brown's complaint alleged three causes of action: 1) employment discrimination in violation of the New York State Human Rights Law ("NYSHRL"), 2) employment discrimination in violation of the New York City Human Rights Law ("NYCHRL"), and 3) retaliation under NYSHRL and NYCHRL for receiving and requesting leave under the Family Medical Leave Act ("FMLA"). Compl. ¶¶ 20–21, 42, 51–52. Progressive then removed this action to federal court on the grounds that "it is an action arising under the laws of the United States, namely the FMLA." Notice of Removal ¶ 3, ECF No. 1. Brown subsequently filed a motion to remand the action to state court, arguing that her complaint raised only state-law claims. Pl.'s Mot. to Remand, ECF No. 12. Upon finding that Brown's third cause of action contained no valid state law claim but did include a viable federal claim, I denied plaintiff's motion. Order on Mot. to Remand, ECF No. 16. However, because Brown's complaint suggested that she did not realize her third cause of action would be construed as containing a

1

federal claim, I granted Brown leave to amend her complaint and simultaneously move to remand on the grounds that this court should decline to exercise supplemental jurisdiction over this matter. *Id.* 2, 4–5.

On September 6, 2018, Brown filed an amended complaint alleging two causes of action: 1) employment discrimination based on her disability in violation of NYSHRL, and 2) employment discrimination based on her disability in violation of NYCHRL. Am. Compl. ¶¶ 18-19, 40, ECF No. 18. Brown's amended complaint "delet[ed] her Third Cause of Action which unintentionally asserted a federal claim under the Family Medical Leave Act." Second Mot. to Remand 1, ECF No. 19. Brown simultaneously submitted a second motion to remand and for attorney's fees. *Id.* 1–2. Progressive opposes this motion on the grounds that this court now has diversity jurisdiction over this matter under 28 U.S.C. § 1332. *See* Mem. of Law in Opp'n to Pl.'s Second Mot. to Remand 1, ECF No. 20.[1] For the reasons that follow, I grant plaintiff's motion to remand and deny her motion for attorney's fees.

## DISCUSSION

**I. Remand**

**A. Brown's amended complaint contains no federal cause of action.**

Under NYSHRL and NYCHRL, it is an unlawful discriminatory practice for an employer to fire an individual because of that individual's disability. *See* N.Y. EXEC. LAW § 296(1)(a) (McKinney 2017) ("It shall be an unlawful discriminatory practice . . . [f]or an employer . . . because of an individual's . . . disability . . . to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of

---

[1] On September 13, 2018, Progressive filed a notice of motion to compel arbitration and dismiss the complaint (or, in the alternative, stay proceedings). ECF No. 22. Because I reject Progressive's argument regarding diversity jurisdiction and decline to exercise supplemental federal question jurisdiction over this matter, I do not address Progressive's anticipated motion.

2

employment."); ADMIN. CODE OF THE CITY OF N.Y. § 8-107(1)(a)(2) (2018) ("It shall be an unlawful discriminatory practice . . . [f]or an employer . . . because of the actual or perceived . . . disability . . . status of any person[] . . . [t]o . . . discharge from employment such person."). In Brown's first cause of action, she claims that Progressive discriminated against her in violation of NYSHRL by "denying [her] the opportunity to work in the 'Floating Legal Assistant' position for which she was hired and was fully qualified, due to her disability" and "terminating her and/or constructively discharging her, despite her qualifications for the Floating Legal Assistant position, based upon her disability." Am. Compl. ¶¶ 18–19. In Brown's second cause of action, she alleges that Progressive violated NYCHRL by "terminating her on May 14, 2018[,] . . . discriminat[ing] against [her] on the basis of her disability and . . . refus[ing] to provide her with reasonable accommodations based on her disability." Am. Compl. ¶¶ 39–40.

While Brown has the burden of showing that her termination was motivated by her disability, if she can do so, she has a viable state law claim. *See Vinokur v. Sovereign Bank*, 701 F. Supp. 2d 276, 290–91 (E.D.N.Y. 2010) ("[T]he plaintiff has the initial burden of establishing a prima facie case of discrimination[] . . . . [A] plaintiff cannot simply rely on the fact that [s]he was terminated. Rather, [s]he must point to facts that suggest the termination was motivated, at least in part, by animus based on [her] alleged disability.") (alteration in original) (citations and quotations omitted); *see also Bellido-Sullivan v. American Int'l. Grp., Inc.*, 123 F. Supp. 2d 161, 167–68 (S.D.N.Y. 2000). ("[I]f [plaintiff's] leaves of absence were for medical reasons, her termination based upon those absences may be grounds for a lawsuit for wrongful termination because of a disability [under NYSHRL]."). Because Brown has removed the unintentional federal cause of action from her complaint and only state law claims remain, I am declining to exercise supplemental jurisdiction and choosing to remand this case to state court. *See Maguire*

3

*v. A.C. & S., Inc.*, 73 F. Supp. 3d 323, 328 (S.D.N.Y. 2014) ("[T]he determination whether subject matter jurisdiction exists is properly made on the face and at the time of the Complaint. . . . The later elimination of federal claims and defenses, so as to leave standing only state-law claims, may bear on whether the Court chooses to exercise supplemental jurisdiction, but it does not eliminate federal jurisdiction.") (citations omitted).

### B. Progressive's claim that this court has diversity jurisdiction is untimely.

The removing party "bears the burden of establishing jurisdiction." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006). Defendants may remove state court actions to federal court if the plaintiff could have originally filed suit in federal court, based on either diversity or federal-question jurisdiction. 28 U.S.C. § 1441; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). To establish diversity jurisdiction, the amount in controversy must exceed $75,000, and the parties must be citizens of different states. 28 U.S.C. § 1332(a). "[W]here . . . the initial pleading in a state court action is the basis for removal, the removing party may not amend its notice of removal to correct a substantive defect unless it does so within thirty days of receipt of the state court pleading." *Valente v. Garrison From Harrison LLC*, No. 15-cv-6522 (DLI)(MDG), 2016 WL 126375, at *2 (E.D.N.Y. Jan. 11, 2016) (citing cases). The failure to allege diversity or federal question jurisdiction constitutes a substantive defect. *See id.*; *Yorkshire Pioneer Cent. Sch. Dist. v. Travelers Prop. Cas.*, No. 02-CV-0525E(SC), 2002 WL 31194561, at *1 (W.D.N.Y. Sept. 17, 2002*)*; *Briarpatch Ltd., L.P. v. Pate*, 81 F. Supp. 2d 509, 517 (S.D.N.Y. 2000).

In this case, Progressive's notice of removal did not allege diversity jurisdiction, *see* Notice of Removal ¶ 3, and Progressive did not file an amended notice of removal within thirty days of May 31, 2018—the date it was served with the summons and complaint, *see id.* ¶ 2. In

fact, Progressive never filed an amended notice of removal. However, Progressive did request this court's permission to file an amended notice of removal. *See* Mem. of Law in Opp'n to Pl.'s Mot. to Remand 1 n.1, ECF No. 14 ("There is nothing on the face of Plaintiff's Complaint that would indicate the amount in controversy is greater than $75,000. But should Plaintiff seek to recover an amount greater than that jurisdictional limit, Progressive respectfully requests that the Court permit Progressive to amend its notice of removal to add diversity jurisdiction as a separate basis for removal and federal jurisdiction."); Mem. of Law in Opp'n to Pl.'s Second Mot. to Remand 1 n.1 ("To the extent such action is necessary, Defendant respectfully requests leave to amend its notice of removal to include diversity jurisdiction as a basis therefor, in lieu of the judicial inefficiencies that would result from this action being remanded and Defendant then filing a new notice of removal pursuant to 28 U.S.C. § 1446(b)(3)."). Progressive's request to file an amended notice of removal is denied.

### C. Progressive has no basis upon which to file a new notice of removal.

A defendant may file a new notice of removal within 30 days of the filing of an amended complaint "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Although Brown did file an amended complaint, it contains no new allegations regarding the elements of diversity jurisdiction. Progressive claims that, "while Plaintiff originally asserted that her damages only 'exceed[ed] the jurisdictional limits of all lower [New York State] courts' (Compl. ¶ 54), Plaintiff has now stated, in an Amended Complaint with a federal court caption, that her damages 'are beyond the jurisdictional limits of *all* courts' (Am. Compl. ¶ 42 (emphasis added))." Mem. of Law in Opp'n to Pl.'s Second Mot. to Remand 2 (alterations in original). This alleged change in Brown's complaint is simply not true. Both her original and amended complaints state, "Plaintiff's damages are beyond the

jurisdictional limits of all courts." *See* Compl. ¶ 49; Am. Compl. ¶ 42. Further, after reading Brown's original complaint, including her statement that her damages are beyond the jurisdictional limits of all courts, Progressive conceded that "nothing on the face of Plaintiff's Complaint . . . would indicate the amount in controversy is greater than $75,000." Mem. of Law in Opp'n to Pl.'s Mot. to Remand 1 n.1. Thus, because Brown's amended complaint is not one "from which it may *first* be ascertained that the case is one which is or has become removable," 28 U.S.C. § 1446(b)(3) (emphasis added), Progressive has no grounds upon which to file a new notice of removal.

### D. Progressive's diversity jurisdiction argument fails because this case does not yet contain adequate evidence to establish the amount in controversy.

Even if Progressive had grounds upon which to make its diversity jurisdiction claim and could prove diversity of citizenship, *see* Mem. of Law in Opp'n to Pl.'s Mot. to Remand 1 n.1 (alleging that Brown has conceded diversity of citizenship), there is insufficient information to determine that the amount in controversy exceeds $75,000. When a complaint does not contain a specific amount in controversy, the removing party can make an assertion in the notice of removal. *See Ortiz v. JCPenney*, No. 16-CV-569W, 2016 WL 6694249, at *6 (W.D.N.Y. Nov. 15, 2016). "[While] a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds [$75,000] . . . . [w]here . . . jurisdictional facts are challenged, the party asserting jurisdiction must support those facts with competent proof and justify its allegations by a preponderance of evidence." *Id.* (citations and quotations omitted). Courts may look outside the pleadings when the amount in controversy is inconclusive; however, the purpose of the extrinsic material is to help guide the court in calculating the actual damages. *See id.* ("Examples of evidence that can help resolve an amount in controversy include reliable settlement demand letters, certified medical records, and certified documents pertaining to

insurance coverage or payments.") (citations omitted); *see also Noguera v. Bedard*, No. 11–CV–4893 (RRM)(ALC), 2011 WL 5117598, at *3 (E.D.N.Y. Oct. 26, 2011) ("[D]efendants do not provide medical records, accident reports, or other information from which the Court could determine to a reasonable probability an adequate amount in controversy.").

Nothing in Brown's amended complaint or Progressive's response demonstrates by a preponderance of the evidence that the amount in controversy exceeds $75,000. "[B]oilerplate allegations" in a complaint "do not suffice to establish that [an] action involves an amount in controversy adequate to support federal diversity jurisdiction." *Valente*, 2016 WL 126375, at *2 (holding that plaintiff's claims that she "sustained severe personal injuries . . . required medical attention, suffered pain, [and] will continue to suffer" were boilerplate); *see also* Noguera, 2011 WL 5117598, at *3 (noting that neither the complaint nor the notice of removal "particularizes or amplifies in any way the extent of plaintiff's injuries or damages"). Brown's claims that she "has suffered economic and psychological injuries and damages because of loss of employment . . . which resulted in lost wages, back pay, front pay, humiliation, mental anguish, and emotional distress," Am. Compl. ¶ 35, constitute inadequate boilerplate assertions. The only evidence Progressive provides to help this court determine the extent of Brown's injuries is her refusal to stipulate that the damages do not exceed $75,000. *See* Decl. of Neta Levanon in Opp'n to Pl.'s Second Mot. to Remand, ECF No. 21. This refusal "hardly is determinative of the amount in controversy, and, standing alone, is insufficient to establish that the jurisdictional amount required by § 1332 is satisfied." *Valente*, 2016 WL 126375, at *2; *see also id.* ("Indeed, as other courts have recognized, even a plaintiff who is well aware that the damages recoverable in an action are less than $75,000 may have good reason to resist a stipulation capping damages."); *Noguera*, 2011 WL 5117598, at *2. In sum, even if Progressive had a basis upon which to assert

7

diversity jurisdiction, the claim would not succeed.

## II. Attorney's Fees

I decline to grant plaintiff attorney's fees. Although I am generally permitted to award such fees, 28 U.S.C. § 1447(c), I determine that such an award is not warranted here. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). In light of the challenging nature of the issues stemming from Brown's original and amended complaints, I cannot conclude that removal was objectively unreasonable. I therefore deny plaintiff's motion for attorney's fees.

## CONCLUSION

For the reasons discussed above, I grant plaintiff's motion to remand and deny her motion for attorney's fees and costs.

So ordered.

Date: September 17, 2018　　　　　　　　　　　　　_____/s/_____
　　　Brooklyn, New York　　　　　　　　　　　　　Allyne R. Ross
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge